```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

JOHN B. MANN,                   )
                                )
        Plaintiff,              )
                                )
        v.                      )        1:05cv687(JCC)
                                )
MARINA L. MANN,                 )
                                )
        Defendant.              )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Motion of the Defendant, Marina L. Mann, to dismiss pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, to transfer to the Western District of Texas pursuant to 28 U.S.C. § 1404.  For the following reasons, the Court will grant Defendant's Motion to dismiss for lack of personal jurisdiction.

### I.  Background

Plaintiff, John B. Mann, filed this action against Defendant in her individual capacity and in her capacity as executrix of the estate of her late husband, William A. Mann, alleging breach of contract, fraud, conversion, and breach of fiduciary duty, and seeking to impose a constructive trust. Plaintiff is William Mann's son and Defendant's stepson.  The claims arise out of a purported 1996 agreement between Plaintiff and William Mann for the transfer of a fifty-one percent ownership interest in Gonzalez Communications, a Texas limited

partnership that operates a radio station in Gonzalez, Texas. The agreement was executed in Gonzalez, Texas by William Mann, Plaintiff, and Defendant.  On June 27, 2001, William Mann died, and Defendant became the managing general partner of Gonzalez Communications, inheriting eighty percent of the voting shares and fifty percent of the firm's assets.  William Mann later repudiated the 1996 agreement, and Plaintiff never received the fifty-one percent ownership interest that he claims he was due.

Defendant has filed a Motion seeking to dismiss the action based on a lack of personal jurisdiction and improper venue or, in the alternative, to transfer the action to the Western District of Texas.  Defendant points out that she is a Texas resident, that Gonzalez Communications is a Texas limited partnership, and that the 1996 agreement was executed in Texas.  This Motion is currently before the Court.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of an action where a court lacks the requisite personal jurisdiction.  To establish jurisdiction over a non-resident, this Court must first consider whether jurisdiction is authorized by Virginia law.  *Alitalia-Linee Aeree Italiane v. Casinoalitalia.com*, 128 F. Supp. 2d 340, 347 (E.D. Va. 2001); *Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001).  Then,

having found statutory authorization, the Court must consider whether the exercise of personal jurisdiction is consistent with traditional notions of fair play and due process.  See *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002); *Ellicott Mach. Corp. v. John Holland Pty. Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993).

Virginia's long-arm statute extends personal jurisdiction to the fullest extent permitted by due process.  *See English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990).  It may, however, be possible for the contacts of a non-resident defendant to satisfy due process but not meet the specific grasp of a Virginia long-arm statute provision.  *See Alitalia-Linee*, 128 F. Supp. 2d at 348 n.18; *DeSantis v. Hafner Creations, Inc.*, 949 F. Supp. 419, 423 (E.D. Va. 1996).  As always, the plaintiff bears the burden of demonstrating personal jurisdiction by a preponderance of the evidence once its existence is questioned by the defendant.  *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

### III.  Analysis

The Virginia long-arm statute provides that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from that person's: [t]ransacting any business in this Commonwealth." Va. Code § 8.01-328.1(A)(1).  It is well-established that a

single act by a nonresident that amounts to transacting business within Virginia and that gives rise to a cause of action may be sufficient to confer personal jurisdiction.  *See Virginia Beach v. Roanoke River Basin Assoc.*, 776 F.2d 484, 487 (4th Cir. 1985) (quoting *Danville Plywood Corp. v. Plain and Fancy Kitchens, Inc.*, 238 S.E.2d 800, 802 (Va. 1977)).  Moreover, the nonresident need not be physically present in Virginia to transact business within this jurisdiction.  *See English & Smith v. Metzger*, 901 F.2d 36, 38-39 (4th Cir. 1990).

According to an affidavit submitted by Plaintiff, William Mann approached him with a request that he purchase a controlling fifty-one percent interest in Gonzalez Communications.  William Mann made this request, which was the first contact in the negotiations leading up to the 1996 agreement, while physically present in Virginia.  The majority of the subsequent negotiations occurred while William Mann was physically present in Virginia, and the parties continued to negotiate by telephone when William Mann returned to Texas and Plaintiff remained in Virginia.

Defendant was not a party to any of these negotiations and was not a partner in Gonzalez Communications before William Mann's death.  Under Texas's community property rules, however, she was required to assent to the transfer of Gonzalez Communications, which William Mann acquired during his marriage

to Defendant.  On November 25, 1996, Plaintiff, William Mann, and Defendant executed an agreement in Gonzalez, Texas.  As consideration for the transfer of the interest in Gonzalez Communications, Plaintiff transferred to William Mann 34,000 shares of common stock in Network Solution, Inc., a Virginia corporation.  William Mann later repudiated this agreement, although Plaintiff and Defendant disagree as to the exact date of this repudiation.

Assuming for the sake of argument that William Mann's negotiations in Virginia are imputable to Defendant, Plaintiff's uncorroborated affidavit is the only evidence of these Virginia contacts.  The Federal Rules of Evidence provide that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law."  Fed. R. Evid. 601.  At oral argument on this Motion, the parties agreed that Texas law would supply the rule of decision for this action.  As such, Texas law will determine the competency of Plaintiff's affidavit for purposes of this motion to dismiss.  *See* Fed. R. Evid. 1101 (listing several situations in which the Federal Rules of Evidence do not apply, and not including motions to dismiss).  The Texas "dead man's statute" requires, in pertinent part:

> In civil actions by or against executors, administrators, or guardians, in which judgment may be

> rendered for or against them as such, neither party shall be allowed to testify against the others as to any oral statement by the testator, intestate or ward, unless that testimony to the oral statement is corroborated or unless the witness is called at the trial to testify thereto by the opposite party.

Tex. R. Evid. 601(b).  Defendant is the executrix of William Mann's estate, and Plaintiff's affidavit contains uncorroborated evidence of William Mann's oral statements.  The affidavit is therefore incompetent evidence.

Without the affidavit, the only Virginia contact in this case is that Defendant executed a contract in Texas with Plaintiff, a Virginia resident.  It is of no consequence that the contract provided for the transfer of common stock in a Virginia corporation, as the agreement transferred this stock to William Mann only.  Defendant had no ownership interest in Gonzalez Communications at the time and signed the agreement only because the community property rules of Texas required her assent.  In any case, a contract between a forum state resident and a nonresident does not, by itself, establish personal jurisdiction over the nonresident. *See Ellicott Machine Corp., Inc. v. John Holland Party Ltd.*, 995 F.2d 474, 478-79 (4th Cir. 1993); *America Online, Inc. v. Huang*, 106 F. Supp. 2d 848, 856 (E.D. Va. 2000).  Plaintiff has failed to establish personal jurisdiction by a preponderance of the evidence.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to dismiss for lack of personal jurisdiction. An appropriate Order shall issue.

November 22, 2005                     _____/s/_____
Alexandria, Virginia                          James C. Cacheris
                                      UNITED STATES DISTRICT COURT JUDGE